UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> GLENN COUNTY, and JOHN LINHART, an individual <br><br> Defendants. | Case No. 2:11-CV-00298 JAM-CKD <br><br> ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES |

This matter comes before the Court on Defendants Glenn County and John Linhart's (collectively "Defendants") Motion for Attorneys' Fees (Doc. #18). Plaintiff California Sportfishing Protection Alliance ("Plaintiff") opposes the motion.[1]

I. FACTUAL BACKGROUND

On February 1, 2011, Plaintiff filed a complaint (Doc. #1) against Defendants alleging their operation of a landfill facility violated the Clean Water Act ("CWA"), 33 U.S.C.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 25, 2012.

§§ 1311, 1342. Specifically, Plaintiff alleged that Defendants violated the National Pollutant Discharge Elimination System Permit ("NPDES Permit") because Defendants allowed polluted and contaminated storm water to discharge from their landfill in amounts exceeding those permitted by the NPDES Permit. Consequently, Plaintiff contends, this discharge polluted White Cabin Creek and Wilson Creek.

On January 25, 2012, Plaintiff filed a Voluntary Motion to Dismiss with Prejudice (Doc. #12). Plaintiff stated that despite its belief that Defendants discharge pollutants into White Cabin Creek and Wilson Creek, proving its case would be cost prohibitive. The Court granted Plaintiff's Motion to Dismiss with Prejudice on April 9, 2012 (Doc. #17). On May 7, 2012, Defendants filed the instant Motion for Attorneys' Fees.

## II.   OPINION

### A.   Legal Standard

#### 1.   Attorneys' Fees

In an action based on the Clean Water Act, the district court may award attorneys' fees to a prevailing defendant upon finding "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Razore v. Tulalip Tribes of Wash., 66 F.3d 236, 240 (9th Cir. 1995) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)).

### B.   Claims For Fees

Defendants contend that they are the prevailing party

because Plaintiff's voluntary dismissal of the action with prejudice constituted a change in the legal relationship between the parties since it precludes Plaintiff from re-filing the action in the future.  Furthermore, Defendants argue that Plaintiff's action was "without foundation."  Specifically, they argue that there is no evidence to suggest that pollutants from Defendants' landfill have been discharged to any body of water.  Additionally, Defendants contend that there is no evidence of the mechanism through which storm water from the landfill could reach either of the creeks that Plaintiff alleges are polluted.

   Plaintiff does not challenge that Defendants are the prevailing party, but it contests that the action is without foundation.  Plaintiff argues that it had sufficient evidence to justify the filing of its lawsuit.  Plaintiff alleged that Defendants violated the terms of the NPDES Permit.  Specifically, Plaintiff based its allegations on Defendants' self-reported discharges of storm water containing excessive concentrations of suspended solids, specific conductance, and iron without applying requisite pollution control technologies.

   The Court begins its analysis by finding that Defendants are the prevailing party.  A voluntary dismissal with prejudice serves as a dismissal on the merits for the purposes of res judicata.  See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) ("a dismissal other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.") (citing Fed. R. Civ. P. 41(b)).

   Finding that Defendants are the prevailing party, the Court

1 now turns to whether Plaintiff's case was frivolous,
2 unreasonable or without foundation.  In applying the Razore
3 criteria, "it is important that a district court resist the
4 understandable temptation to engage in post hoc reasoning by
5 concluding that, because a plaintiff did not ultimately prevail,
6 his action must have been unreasonable or without foundation."
7 Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n,
8 434 U.S. 412, 422 (1978).
9     The Court notes that both parties discuss its decision in
10 Coldani v. Hamm, No. 2:07-CV-0660-JAM-EFB, 2011 WL 2160929, at
11 *4 (E.D. Cal. June 1, 2011).  There, this Court denied
12 attorneys' fees to the prevailing defendants on a CWA claim
13 after Plaintiff filed for a voluntary dismissal.  This Court
14 found, despite research that strongly indicated a CWA claim was
15 precluded, that the Plaintiff's suit was not frivolous,
16 unreasonable or without foundation.  While Coldani is not
17 dispositive, it demonstrates the high bar of declaring an action
18 to lack foundation.
19     Here, during the course of litigation, Plaintiff determined
20 that proving its case would be cost prohibitive.  Though the
21 Court dismissed the action with prejudice, the Court finds that
22 when the action was filed it appeared meritorious and based on
23 sufficient evidence.  Plaintiff based its claims on publicly
24 available documents containing "admissions" by Defendants that
25 they discharged pollutants into White Cabin Creek and Wilson
26 Creek. While Defendants vigorously dispute Plaintiff's
27 characterization of these documents and the conclusions drawn
28 from the information contained therein with respect, the Court

finds that the information contained in these documents provided a foundation, albeit a weak foundation, for Plaintiff's Complaint. Thus, the Court finds that Plaintiff's claim was not frivolous, unreasonable or without foundation as to warrant an award of attorneys' fees to Defendants. Accordingly, the Defendants' Motion for Attorneys' Fees is DENIED.

### III. ORDER

For the reasons set forth above,

Defendants' Motion for Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated: August 15, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE